UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Armando Moya Garcia** <br> (Alien Number 024-782-694) <br> 3417 Lakeside View Drive <br> Falls Church, VA 22041 <br> <br>       Plaintiff <br> <br>     v. <br> <br> **U.S. Citizenship and Immigration Services** <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529; <br> <br> **Léon Rodríguez, Director,** <br> in his official capacity, as well as his <br> successors and assigns. <br> U.S. Citizenship and Immigration Services <br> 20 Massachusetts Avenue, N.W. <br> Washington, DC 20529; <br> <br> and <br> <br> **Jeh Johnson, Secretary,** <br> in his official capacity, as well as his <br> successors and assigns. <br> U.S. Department of Homeland Security <br> 245 Murray Lane, Building 410, SW <br> Washington, DC 20258; <br> <br>       Defendants. | Civil No. _____ |

**COMPLAINT FOR DECLARATORY, MANDATORY
AND INJUNCTIVE RELIEF**

Come now Plaintiff, Armando Moya Garcia, and for his Complaint for Injunctive,

Declaratory, and Mandatory Relief states as follows:

1

## I.    INTRODUCTION

1.     This case is about the Defendant United States Citizenship and Immigration Services ("USCIS") misplacing the plaintiff's records of the adjudication of his 1981 filing for his lawful permanent resident status.  Without that document the plaintiff is doomed to an order of deportation. The defendants' error is causing irreparable and permanent harm to plaintiff.  All his immediate family is residing in the US, where plaintiff has lived for 35 years.  The plaintiff has sought this record through the Freedom of Information Act, but the Defendant USCIS has failed to provide it to him.  He seeks relief from this Court to compel the USCIS to locate the record of adjudication, or, adjudicate the application under the facts and circumstances as of the year it was filed, which is 1981.

2.     Plaintiff Garcia is the beneficiary of a Form I-485A, Application by Cuban Refugee for Permanent Residence, filed in 1981 with the defendants on his behalf by his mother when he was nine years old. The application was stamped "up-front processed," meaning that the application was filed in person with the legacy Immigration and Naturalization Service ("INS") field office and that the applicant was interviewed that same day. However, to Plaintiff Garcia's knowledge, his family never received notification of the disposition of his application.

3.     Plaintiff Garcia filed a Freedom of Information Act ("FOIA") request with the Defendant USCIS to discover the disposition of that Form I-485A. However, Defendant USCIS failed to release any evidence of the disposition of the application. Plaintiff Garcia sought mediation with the Office of Government Information Services, but that also resulted in no further information released about the adjudication of Form I-485A.

4.     As a result of the above, this action is brought to: (1) compel the Defendant USCIS to conduct an adequate search for agency records responsive to Plaintiff Garcia's FOIA

request; and (2) order defendants to produce all responsive agency records relating to the adjudication of his I-485A filed in 1981. In the alternative, this action is brought to order the USCIS to adjudicate Plaintiff Garcia's Form I-485A in a reasonable time under the law and facts that existed at that time. The grounds for the requested relief are set forth below.

## II. JURISDICTION

5. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises under the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), as well as the Immigration and Nationality Act ("INA") (8 U.S.C. §§ 1101 *et seq.*), and regulations implementing it (Title 8 of the Code of Federal Regulations). In addition, this Court has jurisdiction over the causes of action pursuant to 28 U.S.C. § 1331 because this action arises under 28 U.S.C. §§ 2201-2202, the Declaratory Judgment Act, seeking a declaration of the federal rights of Plaintiff Garcia.

6. When used in conjunction with 28 U.S.C. § 1331, the APA authorizes district courts to review any federal administrative action which "adversely affects or aggrieves" an individual. 5 U.S.C. § 702. Furthermore the APA empowers district courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The USCIS, as an administrative agency, is subject to both 5 U.S.C. §§ 702 and 706. Plaintiff contends that he has been "aggrieved" by the USCIS's failure to conduct an adequate search in response to his FOIA request and that, if no disposition of the I-485A was made, that adjudication of the adjustment application has been unreasonably withheld or delayed.

7.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1361 (mandamus). Title 28 U.S.C. § 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The USCIS has a duty to adjudicate Plaintiff Garcia's application within a reasonable time.

8.    The Immigration and Nationality Act, 8 U.S.C. § 1103, states that "[t]he Attorney General [now Secretary of DHS since 2003] shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added).  The USCIS has a duty to adjudicate applications for adjustment of status within a reasonable time. Although the grant of permanent resident status is discretionary, the Court has jurisdiction to compel the USCIS to follow statutory and regulatory requirements to adjudicate adjustment of status applications.

### III.    PARTIES

9.    Plaintiff Armando Moya Garcia is a citizen of Cuba. He currently resides in Falls Church, Virginia.

10.    The USCIS is the component of DHS that is responsible for adjudicating Plaintiff Garcia's adjustment of status application. The USCIS is also responsible for maintaining an orderly system of records about persons who file applications with that agency and to provide copies of those records to persons like the plaintiff as required by law.  These functions were previously the responsibility of the Immigration and Naturalization Service and were transferred to the USCIS, a component of the DHS created on March 1, 2003.

11. Defendant Léon Rodríguez is the Director of the United States Citizenship and Immigration Services and is sued in his official capacity, as well as his successors and assigns. Defendant Rodríguez is responsible for the administration of the USCIS.

12. Defendant Jeh Johnson is the Secretary of the United States Department of Homeland Security ("DHS") and is sued in his official capacity, as well as his successors and assigns. Defendant Johnson is responsible for the oversight of agencies within its department, including the United States Citizenship and Immigration Services and its proper implementation of the Immigration and Nationality Act. 8 U.S.C. § 1001, *et seq*.

## IV.    VENUE

13. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). Venue is also proper in this district under 28 U.S.C. § 1391(e) because this is an action brought against a U.S. agency and officers of the United States in their official capacities, brought in the district where all of the defendants operate and maintain their offices, where immigration laws are interpreted nationwide for the respective agencies that critically affect the plaintiff, and where a substantial part of the events or omissions giving rise to the plaintiff's claims occurred.  The object of this suit, the first adjustment application, was filed in 1981 at the INS district office located on Vermont Avenue, Washington, D.C.

## V.    EXHAUSTION

14. Plaintiff Garcia exhausted his administrative remedies by following the USCIS's administrative appeals process without success. Although not required, Plaintiff Garcia additionally exhausted the administrative remedy of mediation through Office of Government Information Services without success.

## VI.     FACTUAL BACKGROUND

15.     On October 19, 1981, Plaintiff Garcia's mother filed with the INS a Form I-485A, Application by Cuban Refugee for Permanent Residence, for Plaintiff Garcia, who was 9 years old at the time. The INS stamped Plaintiff Garcia's application "up-front processed," meaning that the application was filed in person with the INS field office and that the applicant was interviewed that same day.

16.     Plaintiff Garcia, after having reached the age of majority, filed a new Form I-485A, Application by Cuban Refugee for Permanent Residence, in 1990 because he had not been notified of an adjudication of his 1981 application. That second application was approved, but later revoked in deportation proceedings. After being convicted in 1991 of distribution and possession with intent to distribute cocaine based on activities in 1990, Plaintiff Garcia was placed in deportation proceedings. The Immigration Judge held that Plaintiff Garcia was excludable at the time of his 1990 adjustment as an alien who had procured adjustment by fraud or willfully misrepresenting a material fact, namely whether Plaintiff Garcia had been involved in illicit drug trafficking at the time of his interview on November 19, 1990. The Immigration Judge ordered that Plaintiff Garcia be removed. However, on June 11, 1998, Plaintiff Garcia was placed under an Order of Supervision because the former Immigration and Naturalization Service could not carry out his removal as a Cuban citizen. Had the defendants timely adjudicated the Plaintiff's original adjustment application filed in 1981, the Plaintiff could have sought relief under 8 U.S.C. § 1182(c) to preserve his lawful permanent resident status at his deportation hearing.

17.     On July 30, 2013, Plaintiff Garcia filed a Freedom of Information Act request with the Defendant USCIS for a complete copy of his file. On August 30, 2013, the USCIS

responded to Mr. Garcia that it identified 419 pages that it determined were responsive to his request. *See* Exhibit 1 (USCIS Initial Response Cover Letter). However, only 263 pages were released in their entirety with 15 pages being released in part, 5 pages withheld in full, 8 pages referred to the Federal Bureau of Prisons for their response, and 128 pages referred to Immigration and Customs Enforcement. *See* Exhibit 1. The response contained a copy of the Form I-485A filed in 1981. However, it did not contain any documentation which demonstrated how the application had been adjudicated. On October 8, 2013, Plaintiff Garcia filed an appeal, noting that a reasonably conducted search would have revealed the ultimate disposition of Plaintiff Garcia's application. USCIS released three additional pages in response to Mr. Garcia's appeal, but all three pages were entirely redacted but for the heading "Supplemental Release" and page numbers. *See* Exhibit 2 (USCIS Appeal Response Cover Letter).

       18.     After the failure of the Defendant USCIS to release the crucial documents under the FOIA, Plaintiff Garcia sought mediation by the Office of Government Information Services ("OGIS"). On September 4, 2014, OGIS concluded mediation by letter, stating that "the A-file did not contain the Form I-485A" or any other responsive documents and noted that it was possible that the Form I-485A had been returned to the submitter or was lost by the agency. *See* Exhibit 3 (OGIS Letter). However, the Form I-485A filed in 1981 was, in fact, among the materials released to Mr. Garcia as a result of his 2013 FOIA request and so was clearly in his A-file. OGIS's conclusion is inconsistent with the initial materials released under FOIA. Therefore, Plaintiff Garcia has even further reason to believe that an adequate search was not conducted for information relating to the disposition of that Form I-485A.

## VII.   CAUSES OF ACTION

### COUNT I

**The USCIS Failed to Perform an Adequate Search for Responsive Documents**

19. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 18, above.

20. The USCIS failed to perform an adequate search for documents responsive to Plaintiff Garcia's FOIA request. The inadequacy of the search is apparent in the OGIS's statement that the Form I-485A was not found in the A-file, despite the fact that the Form I-485A was contained in the A-file and the initial release provided to Plaintiff Garcia.

21. By failing to perform an adequate search for documents responsive to Plaintiff Garcia's request, the USCIS has wrongly withheld responsive agency records. Furthermore, this failure has aggrieved Plaintiff Garcia because, without knowing the outcome of the adjudication of the Form I-485A filed in 1981, his immigration status remains unclear.

22. As a consequence of the foregoing, Plaintiff Garcia seeks an Order from this Honorable Court declaring his rights and compelling USCIS to conduct an adequate search for agency records responsive to Plaintiff Garcia's FOIA request and produce all responsive agency records.

### COUNT II

**In the Alternative, the USCIS Failed to Perform Its Duty to Adjudicate Plaintiff Garcia's Application in a Reasonable Time.**

23. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 22, above.

24.     If the USCIS has not yet adjudicated the Form I-485A filed in 1981, then USCIS has unreasonably withheld or delayed agency action and has failed to perform its duty to adjudicate Plaintiff Garcia's application in a reasonable time. Thirty-five years to adjudicate an application for adjustment of status is clearly unreasonable.

25.     If Plaintiff Garcia's application filed in 1981 had been adjudicated within a reasonable time, it would have been adjudicated when he was clearly eligible for the adjustment and before his disqualifying criminal activity in 1990. In deportation proceedings as a permanent resident, Mr. Garcia would have been eligible to seek relief under 8 U.S.C. § 1182(c) to avoid a deportation order.

26.     As a direct consequence of the foregoing, Plaintiff Garcia seeks an Order from this Honorable Court declaring his rights and compelling USCIS to adjudicate his Form I-485A filed in 1981 in a reasonable time, applying the law and facts that existed in 1981.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Armando Moya Garcia prays for the following relief:

1. An Order from the Court compelling the Defendant USCIS to conduct an adequate search for agency records responsive to Plaintiff Garcia's FOIA request and produce all responsive agency records.

2. An Order from the Court compelling the Defendant USCIS to release all records pertaining to the plaintiff for *in camera* review by the Court, for the Court to decide what documents should be further released to the plaintiff.

3. Alternatively, the Court to declare that the USCIS must adjudicate the plaintiff's 1981 I-485A application within a reasonable time of 60 days or less and an Order from the

Court compelling the USCIS to adjudicate this Form I-485A by applying the law and facts that existed in 1981.

4. The defendants pay all reasonable costs and attorneys' fees,

5. For such other and further relief as justice may require.

Respectfully submitted,

Dated: May 18, 2015 _____/s/_____
THOMAS A. ELLIOT, DC BAR # 259713


_____/s/_____
FABIENNE CHATAIN, DC BAR # 501734

LICHTMAN & ELLIOT, P.C.
1666 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20009
(202) 429-1725 (Main)
(202) 452-0161 (Facsimile)
tom@lichtmanelliot.com
Counsel for Plaintiff